Belknap,
June 26, 1915.

### NED F. RICHARDSON *v.* JOHN B. ADAMS.

A master who entrusts an unruly horse to a boy seventeen years old is not absolved from liability for injuries received by the latter upon proof that the servant had full knowledge of the animal's vicious habits, if it also appears that the employment of an immature person at so perilous a task was not a reasonably prudent act.

The assertion of a prejudicial and inadmissible fact by counsel in cross-examination, and its reiteration after objection thereto and before a ruling thereon, is sufficient ground for setting aside a verdict, in the absence of a withdrawal of the objectionable matter and an instruction to the jury to disregard it.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1913, of the superior court by *Pike*, C. J., on the defendant's exceptions to remarks of counsel and to the denial of a motion for a nonsuit.

In the course of cross-examination of the defendant, the plaintiff's counsel asked: "You didn't do a single thing, but you sent these two men out with a horse that you have sued Cavanaugh Brothers,

to receive damages—" At this point counsel for the defendant objected and claimed an exception, whereupon the plaintiff's counsel asked: "You have brought suit against Cavanaugh Brothers, haven't you, Mr. Adams?" Counsel for the defendant again claimed an exception, the witness answered the question in the affirmative, and the following colloquy ensued:

Mr. Jewett. "You can have your exception. It is a matter of record in this court."

Mr. Shannon. "I except again."

Mr. Jewett. "It is a matter of record in this court."

Mr. Shannon. "I except again."

Mr. Tilton. "The only object of this is to get a wrong impression before the jury. It is absolutely unfair."

Court. "I don't see as it has anything particular to do here. The only question is whether the defendant used ordinary care in entrusting this horse to that boy."

*Stephen S. Jewett*, for the plaintiff.

*Shannon & Tilton*, for the defendant.

PEASLEE, J. The plaintiff's evidence tended to prove that the defendant sent the plaintiff out upon the streets of Laconia in charge of a green horse weighing 1,400 pounds. The horse was difficult to control around street cars, and had once broken away from the defendant's control. The plaintiff was seventeen years old, and while attempting to hold the horse by the head, as instructed, was dragged by the horse and received the injuries complained of. Upon this evidence it was for the jury to say whether it was the act of a reasonable man to put such a boy at so perilous a task. It is not merely a question of whether the plaintiff knew as much about the horse as the defendant did. The question of the plaintiff's immaturity of judgment is also a factor in determining what prudence required of the defendant. The nonsuit was properly denied.

The evidence that the defendant had sued his vendor on account of the character of the horse was not admissible. It was so ruled by the presiding justice, and that was the law of the trial. *Batchelder* v. *Railway*, 72 N. H. 329. The situation presented is peculiar. Counsel in the first instance asserted the objectionable fact as a part of an interrogatory. The defendant objected and claimed an exception; but before the court ruled, the question was repeated and

answered in the affirmative, and plaintiff's counsel said: "You can have your exception; it is a matter of record in this court." The exception and the statement were each reiterated, and then the court announced his ruling that the fact stated had not "anything particular to do here." From this it appears that counsel deliberately took his chance on being able to justify his position. Instead of waiting for a ruling when objection was made, he took the law in his own hands and must abide the result. No effort was made to thereafter withdraw the statement, or to obtain instructions to disregard it. It stands as a statement of an excluded fact, and there is abundant reason to believe the jury gave it some weight in reaching their conclusions.

The other exceptions relate to details of the trial and are not likely to arise on the retrial of the case.

*Verdict set aside.*

All concurred.